UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JUNIOR AMORIM CAMPOS,     )
                            )
        Petitioner       )
                            )
    v.               )      No. 1:26-cv-00140-LEW
                            )
DERRICK STAMPER, et al.,     )
                            )
        Respondents   )

## <u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Junior Amorim Campos's Petition for Writ of Habeas Corpus (ECF No. 1).  Petitioner seeks release from immigration detention.  Respondent Derrick Stamper, Chief Patrol Agent of the Houlton Sector, U.S. Border Patrol, and the other federal respondents oppose the Petition.  For the following reasons, the Petition is granted and habeas relief is ordered as outlined in the conclusion of this Order.

## BACKGROUND

Petitioner is a national of Brazil.  According to his Petition, which is verified, Petitioner entered the United States between ports of entry without inspection approximately 15 years ago.  He has resided in Maine most recently.  He has no known criminal history.

On March 10, 2026, Customs and Border Patrol arrested Petitioner.  Since that time, Petitioner has been detained in Fort Fairfield.   Petitioner asserts that ongoing detention without an opportunity for release on conditions or bond violates the Immigration and

Nationality Act, the Due Process Clause, a standing order of the United States District Court for the District of Massachusetts, *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ---, 2025 WL 3687757, No. 1:25-cv-12664 (D. Mass. Dec. 19, 2025), which granted relief to a class of persons subject to detention pending removal proceedings, and an increasingly long line of judicial decisions issued in this Court.[1] Petitioner also complains that nobody with authority over his detention has ever evaluated his circumstances to determine whether it is appropriate to release him pending removal proceedings, presumably because Respondents purport to lack the authority to do so under administrative precedent, specifically *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5 ,2025).

On March 20, 2026, the Court issued an Order to Show Cause (ECF No. 12) that directed the Respondents to address the merits of the Petition. *See* 28 U.S.C. § 2243. In their Response (ECF No. 13), Respondents maintain that Petitioner is subject to mandatory detention pending the completion of removal proceedings under 8 U.S.C. § 1225(b)(2), citing *Yajure Hurtado*, but acknowledge that that assertion is contrary to local precedent. Because that is Respondents' position, Respondents have not produced any evidence suggesting that they ever exercised any discretion in regard to the initial custody determination or that they ever issued a warrant to authorize ongoing detention.

---

[1] The scope of the relief awarded in *Guerrero Orellana* extends to mandatory detentions of similarly situated noncitizens under 8 U.S.C. § 1225(b)(2)(A) "who are either detained within Massachusetts or subject to the jurisdiction of an immigration court in Massachusetts." 2025 WL 3687757, at *1 (D. Mass. Dec. 19, 2025). Petitioner is under the jurisdiction of the Chelmsford, Massachusetts Immigration Court.

## DISCUSSION

The lawfulness of immigration detention is subject to review by, and unlawful detention is subject to remedy in, a United States District Court under 28 U.S.C. § 2241. The exercise of jurisdiction over this matter is proper because it presents a challenge to the lawfulness of detention and does not otherwise challenge the underlying removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Kong v. United States*, 62 F.4th 608, 614 (1st Cir. 2023) (quoting *Aguilar*, 510 F.3d at 11); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021). The Petitioner must prove illegal detention by a preponderance of the evidence. *See Aditya W.H. v. Trump*, 2025 WL 1420131, at *7 (D. Minn. 2025) (collecting authority).

Based on the factual assertions contained in the verified Petition and the Respondent's failure to oppose any of the factual assertions, I find that Petitioner has resided in the United States for years, after entering the United States without admission or inspection, and that Petitioner lacks a criminal record that would require his detention during removal proceedings. Given these circumstances and based on the district court decisions discussed in the parties' submissions—precedent that they and the Court are well aware of concerning multiple recent habeas petitions, injunctions, and writs granted in this Court[2]—I conclude that Petitioner has demonstrated by a preponderance of the evidence that Respondents have misapplied the Immigration and Nationality Act by subjecting

---

[2] *See, e.g.*, *Chogllo Chafla v. Scott*, 2:25-cv-00437-SDN, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Bermeo Sicha v. Bernal*, 25-cv-00418-SDN, 2025 WL 2494530 (D. Me. Aug. 29, 2025).

Petitioner to mandatory detention throughout the entire pre-removal period, under 8 U.S.C. § 1225(b), rather than exercising discretion on the matter of detention, under 8 U.S.C. § 1226(a).[3]  In so doing, Respondents have disregarded this Court's precedent instructing that initial detention determinations are necessary within 48 hours of arrest and that, if detention is to be continued, a warrant must also issue.  *See*, *e.g.*, *Perez Yepez v. Stamper*, No. 1:26-cv-00113-JAW, 2026 WL 765350, at *8 (D. Me. Mar. 18, 2026); *Castillo Gonzalez v. Stamper*, No. 1:26-cv-00120-JAW, 2026 WL 751992, at *5 (D. Me. Mar. 17, 2026); *Makuiza v. Wesling*, No. 2:26-cv-00044-LEW, 2026 WL 252400 (D. Me. Jan. 30, 2026).  Continued detention in the absence of an initial detention determination upon issuance of an administrative warrant followed by a custody redetermination hearing before in immigration judge will lead inexorably to a due process violation in derogation of rights articulated by the First Circuit in *Hernandez Lara*, 10 F.4th at 41, given the similarity of circumstance between petitioner Hernandez Lara and Petitioner Amorim Campos.[4]  *See*

---

[3] The Immigration and Nationality Act "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2) [and] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  As an alien who entered the United States without inspection at the border, Petitioner is not properly deemed to be "seeking admission" and his detention is, consequently, governed by 28 U.S.C. § 1226(a).  *See*, *e.g.*, *Guerrero Orellana*, 2025 WL 3687757, at *7.

[4] The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. Const. am. V.  The Fifth Amendment applies to aliens facing removal proceedings.  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  In *Hernandez-Lara v. Lyons*, the First Circuit held that "due process requires the government to either (1) prove by clear and convincing evidence that [an alien] poses a danger to the community or (2) prove by the preponderance of the evidence that she poses a flight risk" in order to impose detention throughout the period of removal proceedings, including appeals. 10 F.4th 19, 41 (1st Cir. 2021).  That conclusion rested on a *Mathews v. Eldridge* due process analysis for a non-criminal alien who unlawfully entered the United States without being processed at the border.  *Id.* at 27-35.  Like Hernandez-Lara, Petitioner entered the United States illegally by evading inspection at the border and thereafter took up residence.  Based on *Hernandez-Lara*, the preexisting law in this Circuit requires Respondents to afford a noncitizen like Petitioner access to a discretionary detention regime *on due process grounds*.

*Bernardo-Rodrigues v. Hyde*, No. 2:25-cv-00553-LEW, 2026 WL 370863, at \*3 (D. Me. Feb. 10, 2026) (finding treatment of similarly situated habeas petitioner was not substantially justified from a due process perspective and that Respondents' reliance on *Yajure Hurtado* has always been in tension with the teaching of *Hernandez-Lara*).

## CONCLUSION

For the foregoing reasons, the Petition for a writ of habeas corpus is GRANTED (ECF No. 1).  It is HEREBY ORDERED that Respondents will promptly exercise, within 48 hours of this order, their initial custody discretionary authority, treating Petitioner as a noncitizen detained under 8 U.S.C. § 1226(a) rather than § 1225(b), and either release Petitioner from custody on personal recognizance, subject to reasonable conditions, or else continue detention pursuant to an administrative warrant.  If detention is continued based on an exercise of administrative arrest authority, pursuant to a warrant, Respondents will provide Petitioner with a detention hearing before an immigration judge within 14 days of this Order, at which hearing the burdens of justifying detention will be placed on Respondents in accordance with *Hernandez Lara*.

This order has no effect on any decision to institute removal proceedings by proper notice or, if the determination is based on valid grounds in the future, to re-arrest and detain Petitioner pursuant to legitimate process.

**SO ORDERED.**

Dated this 24th day of March, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

5